# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-51180
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
July 17, 2020

Lyle W. Cayce
Clerk

Consolidated with 19-51182

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MIGUEL ANGEL OLIVAS-HEREDIA,

Defendant-Appellant

Appeals from the United States District Court
for the Western District of Texas
USDC No. 4:18-CR-779-1
USDC No. 4:19-CR-298-1

Before CLEMENT, ELROD, and OLDHAM, Circuit Judges.

PER CURIAM:[*]

Miguel Angel Olivas-Heredia appeals his conviction for illegal reentry after deportation, in violation of 8 U.S.C. § 1326, and the revocation of his supervised release. He challenges the district court's denial of his motion to dismiss the indictment, arguing that it was invalid because the notice to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

appear in his removal proceedings was defective because it did not specify a time and date for his removal hearing and that the removal order was thus void. He concedes that this challenge is foreclosed by *United States v. Pedroza-Rocha*, 933 F.3d 490 (5th Cir. 2019), *cert. denied*, 2020 WL 2515686 (U.S. May 18, 2020) (No.19-6588), but he wishes to preserve it for further review. The Government has filed unopposed motions for summary affirmance in both cases, agreeing that the issue is foreclosed under *Pedroza-Rocha*. Alternatively, the Government requests an extension of time to file its brief.

Summary affirmance is appropriate if "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969). In *Pedroza-Rocha*, a similar § 1326 appeal, we concluded that the notice to appear was not deficient because it lacked a specific date for the hearing, that any such alleged deficiency had not deprived the immigration court of jurisdiction, and that Pedroza-Rocha could not collaterally attack his notice to appear without first exhausting his administrative remedies. 933 F.3d at 496–98. Olivas-Heredia's arguments are, as he concedes, foreclosed by *Pedroza-Rocha. See id.* Accordingly, the Government's motions for summary affirmance are GRANTED, the Government's alternative motions for an extension of time to file a brief are DENIED as unnecessary, and the judgments of the district court are AFFIRMED.